Filed 2/26/24  P. v. Fallon CA2/3

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>JAMES STEVEN FALLON,<br><br>    Defendant and Appellant. | B327318<br><br>Los Angeles County<br>Super. Ct. No. MA056500 |

APPEAL from an order of the Superior Court of Los Angeles County, Lisa M. Strassner, Judge. Reversed and remanded with directions.

James Koester, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Wyatt E. Bloomfield and Lindsay Boyd, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

A jury convicted defendant James Steven Fallon of, among other crimes, premeditated, deliberate, and willful attempted murder. The jury also found true allegations that Fallon personally used a firearm and personally inflicted great bodily injury during the attempted murder. A different panel of this division reversed Fallon's convictions because the trial court did not properly instruct the jury on reasonable doubt and the jury was exposed to a prejudicial email between the prosecutor and a detective that was not admitted as evidence at trial. (*People v. Fallon* (Dec. 30, 2014, B251619) [nonpub. opn.] (*Fallon*).) After the matter was remanded to the trial court, Fallon pled no contest to one count of attempted murder, and he admitted that he personally used a firearm during the commission of that offense and that he suffered a prior strike conviction. The remaining charges and allegations, including the premeditation special circumstance allegation, were dismissed.

Fallon later filed a petition to vacate his attempted murder conviction under Penal Code[1] section 1172.6. After appointing counsel for Fallon, the court denied the petition without issuing an order to show cause, finding he was ineligible for resentencing relief because the jury at his original trial was never instructed on a now-invalid theory of attempted murder and the facts from that trial showed he was a "principal" who acted with actual malice during the commission of the attempted murder.

On appeal, Fallon argues, and the People agree, that the court erred when it denied Fallon's resentencing petition without issuing an order to show cause because nothing in the record establishes Fallon is ineligible for relief as a matter of law under section 1172.6. We agree with the parties and reverse the order

---

[1] All undesignated statutory references are to the Penal Code.

denying Fallon's petition and remand the matter with instructions for the court to issue an order to show cause and, unless waived by the parties, hold an evidentiary hearing under section 1172.6, subdivision (d).

## BACKGROUND[2]

In June 2012, Fallon and two other men went to the victim's house. As one of the other men broke down the front door, the victim ran to the backyard. Fallon caught the victim in the backyard and repeatedly hit him on the head with a pistol. Fallon threatened to kill the victim and dragged him back toward the house. Fallon and one of his other cohorts continued to beat the victim as the third cohort approached. Fallon and the second cohort held the victim while the third cohort drew a knife, held it to the victim's face, and threatened to kill the victim. The three men continued to attack the victim, kicking, hitting, and choking him before eventually leaving the house. As a result of the attack, the victim suffered three fractures to his cheek, a fracture near his eye, a broken nose, swelling around his neck, and memory loss.

In 2013, Fallon was tried by a jury for premeditated attempted murder and first degree burglary, plus several other crimes that arose out of a separate incident. At trial, the jury was instructed on direct aiding and abetting principles only; it was not instructed on the natural and probable consequences doctrine. The jury found Fallon guilty of attempted murder and first degree burglary. It also found true allegations that the attempted murder was committed willfully, deliberately, and with premeditation and that Fallon personally used a firearm

---

[2] The factual summary is provided for purposes of context and is taken from *Fallon*.

and personally inflicted great bodily injury on the victim during the commission of the attempted murder.

In 2014, a different panel of this division reversed Fallon's convictions because the court did not properly instruct the jury on reasonable doubt and the jury received a prejudicial email from the prosecutor to a detective that was not admitted as evidence at trial.

In 2017, after the matter was remanded to the trial court, Fallon pled no contest to "straight" attempted murder (not premeditated, willful, and deliberate attempted murder).[3] Fallon also admitted that he personally used a firearm during the commission of the offense and that he suffered a prior strike conviction. The parties stipulated to a factual basis based on the preliminary hearing transcript and the police reports. The remaining charges and allegations were dismissed as part of the plea agreement. The court sentenced Fallon to 28 years in prison.

In March 2022, Fallon filed a resentencing petition under section 1172.6. Fallon alleged: (1) he was charged with attempted murder under the natural and probable consequences doctrine; (2) he had been convicted of attempted murder in proceedings where the People could have proceeded under a natural and probable consequences theory; and (3) he could not be convicted of attempted murder under current law. Fallon also asked the court to appoint counsel to represent him.

In April 2022, the court found Fallon's petition was facially sufficient, appointed counsel to represent him, and asked the parties to submit briefing addressing whether Fallon had made a prima facie showing of eligibility for relief under section 1172.6.

---

[3] The abstract of judgment issued after Fallon pled no contest to attempted murder erroneously states that he was convicted of "Attempted willful/delibera[te]/premeditate[d] murder."

4

In December 2022, the court denied Fallon's petition, finding he failed to make a prima facie showing of eligibility for relief. Specifically, the court found Fallon could not have been convicted of attempted murder under a now-invalid theory because the jury at his trial was never instructed on the natural and probable consequences doctrine. The court also found the evidence from that trial showed Fallon was a principal actor who acted with actual malice in committing the attempted murder.

Fallon appeals.

## DISCUSSION

Senate Bill No. 1437 (2017–2018 Reg. Sess.) (S.B. 1437) eliminated the natural and probable consequences doctrine as a basis for finding a defendant guilty of murder and limited the scope of the felony murder rule to ensure a "person's culpability for murder [is] premised upon that person's own actions and subjective mens rea." (Stats. 2018, ch. 1015, § 1, subd. (g); see also *People v. Strong* (2022) 13 Cal.5th 698, 707–708.) Senate Bill No. 775 (2021–2022 Reg. Sess.) (S.B. 775) later expanded the scope of S.B. 1437 by, among other things, eliminating the natural and probable consequences doctrine as a basis for finding a defendant guilty of attempted murder.

In addition to changing the law of murder and attempted murder prospectively, S.B. 1437 and S.B. 775 provide defendants who have been convicted of murder, attempted murder, or manslaughter under the former law the opportunity to petition for resentencing under section 1172.6. (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*).) Now, a defendant convicted of attempted murder may petition the court that sentenced him to have his conviction vacated and to be resentenced if (1) the complaint or information "allowed the prosecution to proceed under a theory of … attempted murder under the natural and probable consequences doctrine"; (2) the defendant was convicted

of attempted murder "following a trial or accepted a plea offer in lieu of a trial at which the petitioner could have been convicted" of attempted murder; and (3) the defendant "could not presently be convicted of … attempted murder because of changes to Section 188 or 189." (§ 1172.6, subd. (a).)

If the petitioner files a facially sufficient petition, the court must appoint counsel. (§ 1172.6, subd. (b)(3).) After allowing the parties to file briefs, the court must hold a hearing to "determine whether the petitioner has made a prima facie showing that [he] is entitled to relief." (*Id.*, subd. (c).)

In *Lewis*, the California Supreme Court clarified the scope of the trial court's inquiry at the prima facie stage under section 1172.6, subdivision (c). As the court explained, the inquiry "is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, ' "the court takes [the] petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause." ' [Citations.]" (*Lewis, supra,* 11 Cal.5th at p. 971.) While the court may review the record of conviction, it "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' [Citation.] … [T]he 'prima facie bar was intentionally and correctly set very low.' " (*Id.* at p. 972.) In other words, a denial at this stage " 'is appropriate only if the record of conviction demonstrates that "the petitioner is ineligible for relief as a matter of law." ' " (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

If the petitioner makes a prima facie showing for relief, the court must "issue an order to show cause" and "hold a hearing to determine whether to vacate the murder … conviction and to recall the sentence." (§ 1172.6, subds. (c) & (d)(1).) At that hearing, the prosecution bears the burden to prove beyond a

reasonable doubt that the defendant is guilty of attempted murder under a now-valid theory. (*Id.*, subd. (d)(3).) "If the prosecution fails to sustain its burden of proof, the prior conviction, and any allegations and enhancements attached to the conviction, shall be vacated and the petitioner shall be resentenced on the remaining charges." (*Ibid.*) "The petitioner's conviction shall be redesignated as the target offense or underlying felony for resentencing purposes if the petitioner is entitled to relief … , murder or attempted murder was charged generically, and the target offense was not charged." (*Id.*, subd. (e).)

The parties agree, and so do we, that Fallon made a prima facie showing that he is eligible for relief under section 1172.6. The conviction at issue here stems from a plea bargain, in which Fallon pled no contest to generic attempted murder. When he entered his plea, Fallon did not admit that he acted with premeditation and deliberation or with an intent to kill during the attempted murder. Nor did he admit or stipulate to any particular theory of attempted murder. Where, as here, a crime is charged in a "generic manner"—i.e., without specifying the degree or manner in which the crime was committed or identifying the theory on which the prosecution relies—the prosecution may "proceed on *any* theory." (See *People v. Rivera* (2021) 62 Cal.App.5th 217, 233; *People v. Eynon* (2021) 68 Cal.App.5th 967, 977–978.) Thus, when Fallon pled no contest to attempted murder, the People could have prosecuted him under a natural and probable consequences theory. (See *Rivera*, at p. 233.)

To be sure, when Fallon was originally tried for attempted murder, before he entered the underlying no contest plea, the court did not instruct the jury on the natural and probable consequences doctrine; it instructed on direct aiding and abetting

principles only. Additionally, the jury in that trial convicted Fallon of premeditated, deliberate, and willful attempted murder. But Fallon's convictions from that trial were reversed, and when he later pled no contest to generic attempted murder, the People dismissed the premeditation special circumstance allegation. Accordingly, the record does not establish the People proceeded under a theory other than the natural and probable consequences doctrine when Fallon pled no contest to attempted murder.

In sum, the record of conviction does not establish, as a matter of law, that Fallon was convicted of attempted murder under a now-valid theory. Accordingly, we reverse the order denying his resentencing petition. On remand, the court shall issue an order to show cause and hold an evidentiary hearing under section 1172.6, subdivision (d), at which the People will bear the burden of proving beyond a reasonable doubt that Fallon is ineligible for resentencing. (*Id.*, subd. (d)(3).)

## DISPOSITION

The order denying Fallon's resentencing petition is reversed. The matter is remanded to the trial court with directions to issue an order to show cause and hold an evidentiary hearing under section 1172.6.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


LAVIN, J.

WE CONCUR:


EDMON, P. J.


ADAMS, J.

9